UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIAN R. STURGIS, SR.,

    Plaintiff,                                      Case No. 08-13986
                                                     HONORABLE SEAN F. COX

v.

TARGET CORPORATION,

    Defendant.
_____/

OPINION & ORDER

Plaintiff Urian R. Sturgis, Sr. ("Sturgis") filed this copyright infringement cause of action against Defendant Target Corporation[1] ("Target") on September 16, 2008. The matter is currently before the Court on Target's "Motion to Dismiss Under FED. R. CIV. P. 12(b)(6)" [Doc. No. 8] ("Motion"), wherein Target alleges that Sturgis has failed to present valid claims for copyright infringement. The parties have fully briefed the issues, and a hearing is scheduled for Thursday, April 16, 2009. Because one of the works which Sturgis claims has been infringed upon was never copyrighted, and because Target is protected from copyright infringement claims with respect to the other work under the "first sale doctrine," the Court **GRANTS** Target's Motion [Document No. 8], and **DISMISSES** this case.

BACKGROUND

Sturgis, working under the pen name "Raymoni Love," is the author of two books: "How to Find Success in Marriage Relationships and Love" (*"How to Find Success"*) and "Why Are

---

[1] In his original complaint, and in all subsequent filings, Sturgis has referred to the Defendant as "Target, Inc." The Court will instead refer to the Defendant by its proper name, "Target Corporation."

1

Americans So Afrid - Is it Too Late for Americans to Save America? (*"Why Are Americans So Afraid?"*) (together, "the Books"). [Pl.'s Complaint, Doc. No. 1, ¶6]. In 2004 and 2005, Sturgis entered into contracts with a publishing Company, Authorhouse, to publish the Books. *Id*. Authorhouse published the Books until June 2006, when Sturgis and Authorhouse terminated their relationship. *Id*. at ¶8.

On June 11, 2007, *Why Are Americans So Afraid?* was registered with the United States Copyright Office, with Sturgis as the listed holder of the copyright. *Id*. at ¶13, *see also* Pl.'s Ex. A. Sturgis does not allege that *How to Find Success* was ever registered as a copyrighted work, nor does Sturgis proffer any documentation supporting such a claim.

Target is a retail seller of various items, including books. Beginning in approximately 2005, Target offered the Books for sale via its internet website, *Id*. at ¶9, though Target claims the Books are now no longer for sale on the website. [Def.'s Br., Doc. No. 8, p.2].

Sturgis alleges that Target entered into a contract to offer the Books for sale and to "report the sales therefore [*sic*] the author can be paid." [Pl.'s Complaint, ¶7]. Target, however, contends that "any contract entered into by Target to offer the Books for sale [was entered into with] the publisher or distributor," [Def.'s Br., p.2], not with Sturgis himself. Sturgis offers no proof of any contractual relationship between himself and Target.

Sturgis filed his Complaint [Doc. No. 1] on September 16, 2008, alleging violations of federal copyright infringement law. Sturgis contends that Target's advertisement, offering for sale, and actual sales of the Books violated his distribution rights.

Target filed the instant Motion [Doc. No. 8] on December 10, 2008. Target claims that all copies of the Books they sold were lawfully obtained through a distributorship agreement

with Authorhouse. [Def.'s Br., p.2]. Target makes two primary arguments in their Motion: 1) as *How to Find Success* was never copyrighted, no claim for copyright infringement can be brought by Sturgis; and 2) Target's sales of *Why Are Americans So Afraid?* are protected by the "First Sale Doctrine," codified at 17 U.S.C. § 109(a).

## STANDARD OF REVIEW

Target bring the instant motion pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is only proper if, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955, 1970 (2007).

## ANALYSIS

Sturgis argues that Target's "advertisement and sale of the books constitute infringement of Plaintiff "Sturgis" [*sic*] rights under 17 U.S.C. § 106 and 501 et seq." [Pl's Complaint, Doc. No. 1, ¶19]. Sturgis cannot maintain an action for copyright infringement against Target with respect to *How to Find Success*, as it was never copyrighted. Furthermore, though Sturgis did copyright *Why Are Americans So Afraid?*, his copyright suit with respect to that work is barred by the "first sale doctrine" in 17 U.S.C. § 109.

    I.  <u>Sturgis Never Copyrighted *How To Find Success*</u>.

Target alleges that Sturgis, to date, has not copyrighted *How to Find Success*. [Def.'s Br., p.3]. While Sturgis has come forward with copyright paperwork in connection with his other work, *Why Are Americans So Afraid?*, Sturgis does not allege in his Complaint that *How to Find*

3

*Success* was ever copyrighted. Sturgis also does not include in his brief any evidence that *How to Find Success* was ever copyrighted.

The Copyright Act provides protection for original works of authorship expressed through various media. 17 U.S.C. §§ 101-1332. The owner of a copyright "has the exclusive rights (1) to reproduce the copyrighted work; (2) to prepare derivative works; (3) to distribute copies; (4) to perform publicly a copyrighted work; and (5) to display publicly a copyrighted work." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004); citing 17 U.S.C. § 106. A plaintiff may bring a claim against a person who infringes any of the plaintiff's exclusive rights to a copyright by demonstrating two elements: 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*, 499 U.S. 430, 461 (1991).

"To succeed in a copyright infringement action, a plaintiff must establish that he owns *the copyrighted creation*." *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003) (emphasis added); *see also Stromback*, 384 F.3d at 293; *Feist Publ'ns*, 499 U.S. at 461. At no point has Sturgis alleged that *How to Find Success* was copyrighted, nor has Sturgis provided any documentation to support such a contention. Without proof that *How to Find Success* was ever copyrighted, and without proof that Sturgis is the owner of that copyright, Sturgis' copyright infringement claims with respect to that literary work must fail.

II. The "First Sale Doctrine" Bars Sturgis' Cause of Action With Respect to *Why Are Americans So Afraid?* Against Target.

Sturgis argues that Target's advertisement for the sale of *Why Are Americans So Afraid?* violates Sturgis' rights under the Copyright Act, 17 U.S.C. § 101 *et seq*. [Pl.'s Complaint, Doc. No. 1, ¶19]. Target argues that Sturgis is barred from suing Target by the "first sale doctrine" in

17 U.S.C. § 109. [Def.'s Br., Doc. No. 8, pp.3-4]. That doctrine, codified at 17 U.S.C. § 109, states, in pertinent part:

> the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.

17 U.S.C. § 109(a). Thus, "[i]f the copyright owner has given up title to a copy of a work, the owner no longer has exclusive rights with respect to that copy." *United States v. Sachs*, 801 F.2d 839, 843 (6th Cir. 1986); *see also Brilliance Audio, Inc. v. Haights Cross Communications, Inc.*, 474 F.3d 365, 371 (6th Cir. 2007) ("the copyright holder controls the right to the underlying work, but the owner of a particular copy can dispose of it in any manner he or she wishes").

With respect to *Why Are Americans So Afraid?*, Sturgis can only bring an action for copyright infringement against Target if Target was selling copies of that work which were improperly obtained. "Implicit in the act of "infringement" is the requirement that the particular copy of the copyrighted work be an unauthorized or illegally obtained copy." *Sachs*, 801 F.2d at 842. In the instant case, Sturgis does not allege in his Complaint that the copies of *Why Are Americans So Afraid?* were improperly obtained by Target. Indeed, from the face of Sturgis' Complaint, it appears that Sturgis' publisher, Authorhouse, entered into a contract with Target to distribute the work. [*See* Pl.'s Complaint, Doc. No. 1, ¶¶6-7].

Target admits that at one time they sold copies of *Why Are Americans So Afraid?* on their website, but argues that those copies were lawfully obtained. [Def.'s Br., Doc. No. 8, p.4]. Without at least an allegation that Target improperly obtained the copies of *Why Are Americans So Afraid?* it sought to sell on its website, Sturgis does not have a "reasonably founded hope" of prevailing on his claim under *Twombley*.

CONCLUSION

For the reasons explained above, the Court **GRANTS** the Defendant's Motion to Dismiss [Document No. 8], and **DISMISSES** this case.

**IT IS SO ORDERED**.

S/ Sean F. Cox
United States District Judge

Date: April 20, 2009

I hereby certify that on April 20, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Urian R Sturgis, Sr
3814 Whitney
Detroit, MI 48206

S/ Jennifer Hernandez

Case Manager